United States District Court
Southern District of Texas
**ENTERED**
December 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALAN ROSEN & JUDY ROSEN, individually and on behalf of the ESTATE OF DANIEL A. ROSEN, deceased, Plaintiffs, vs. CVS HEALTH CORP, et al, Defendants. | CIVIL ACTION NO. 4:21-cv-02734 JUDGE CHARLES ESKRIDGE |

OPINION AND ORDER GRANTING
MOTION TO DISMISS AS TO PERSONAL JURISDICTION

The motion by Defendant Hoffman-La Roche Inc to dismiss the claims against it for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is granted. Dkt 4.

1. Background

Daniel Rosen died in California after suffering acute fentanyl and tramadol intoxication in 2019. Dkt 23 at 6; Dkt 23-1 at 18–19. Plaintiffs Alan and Judy Rosen are his parents and residents of Texas. They brought this action on behalf of themselves and Daniel's estate in Texas state court in July 2021. They assert claims for negligence, conspiracy, and loss of consortium against Defendants Johnson & Johnson, Johnson & Johnson Consumer Inc, McKesson Corporation, Pfizer Inc, Hikma Pharmaceuticals USA Inc, Walgreen Co, Hoffman-La Roche Inc, TEVA Pharmaceuticals USA Inc, CVS Pharmacy Inc, and CVS Health Corporation. Dkt 1-3 at 15–30.

The Rosens allege that "Defendants are or were engaged in the business of designing, manufacturing, producing, selling, distributing, supplying and otherwise putting into the stream of commerce opioid medications" that "were a proximate and producing cause of the addiction, injuries and death" of Daniel. Dkt 1-3 at ¶ 16. They also claim that Defendants "knowingly agreed, contrived, combined, confederated, and conspired among themselves and with other entities" to create "national conditions allowing for and promoting opioid addiction." Id at ¶ 29.

Defendants removed the case in August 2021. Dkt 1. HLR moved to dismiss for lack of personal jurisdiction. Dkt 4.

> 2. Legal Standard

A federal court may exercise jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and exercising that jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *McFadin v Gerber*, 587 F3d 753, 759 (5th Cir 2009). The long-arm statute of Texas provides that a nonresident "does business" in Texas and so is subject to service and action in Texas if he, she, or it "commits a tort in whole or in part in this state." Tex Civil Practice and Remedies Code Ann §§ 17.041–17.045. The Fifth Circuit holds that this statue confers jurisdiction to the limits of due process. *Latshaw v Johnston*, 167 F3d 208, 211 (5th Cir 1999). This means that "the two-step inquiry collapses into one federal due process analysis." *Johnson v Multidata System International Corp*, 523 F3d 602, 609 (5th Cir 2008).

Federal due process permits personal jurisdiction over a nonresident defendant who has *minimum contacts* with the forum state so long as the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." Ibid. Such contacts may establish either general or specific jurisdiction.

A federal court has *general jurisdiction* over a nonresident defendant "to hear any and all claims" if that defendant's contacts with the forum are so "continuous and systematic" as to render it "essentially at home" in the forum. *Daimler AG v Bauman*, 571 US 117, 127 (2014), quoting *Goodyear Dunlop Tires Operations SA v Brown*, 564 US 915, 919 (2011) (quotation marks omitted). Demonstrating that general personal jurisdiction exists is difficult and requires "extensive contacts between a defendant and a forum." *Johnson*, 523 F3d at 609 (quotation marks and citation omitted). "General jurisdiction can be assessed by evaluating contacts of defendants with the forum over a reasonable number of years, up to the date the suit was filed." Id at 610. Such contacts "must be reviewed in toto, and not in isolation from one another." Ibid.

A federal court has *specific jurisdiction* over a nonresident defendant to adjudicate "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 US at 919. It exists "when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel & Associates Inc v Coastal Power Production Co*, 517 F3d 235, 243 (5th Cir 2008), quoting *Panda Brandywine Corp v Potomac Electric Power Co*, 253 F3d 865, 868 (5th Cir 2001). The defendant's contacts with the forum "must be more than 'random, fortuitous, or attenuated or of the unilateral activity of another party or third person.'" *ITL International Inc v Constenla SA*, 669 F3d 493, 498 (5th Cir 2012), quoting *Burger King Corp v Rudzewicz*, 471 US 462, 475 (1985). But even "isolated or sporadic contacts" can support specific jurisdiction "so long as the plaintiff's claim relates to or arises out of those contacts." Id at 498–99.

Proof by a preponderance of the evidence isn't required. *Johnson*, 523 F3d at 609. The plaintiff meets its burden by presenting a *prima facie* case that personal jurisdiction is proper. *Quick Techs Inc v Sage Group PLC*, 313 F3d 338,

3

343 (5th Cir 2002). Once the plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof then shifts to the defendant to show that the assertion of jurisdiction is "unfair and unreasonable." *Sangha v Navig8 ShipManagement Private LTD*, 882 F3d 96, 102 (5th Cir 2018), citing *Wien Air Alaska Inc v Brandt*, 195 F3d 208, 215 (5th Cir 1999). The Fifth Circuit has established five factors that a reviewing court should consider when determining whether jurisdiction is fair and reasonable:

- *First*, the burden on the nonresident defendant of having to defend itself in the forum;
- *Second*, the interests of the forum state in the case;
- *Third*, the interest of the plaintiff in obtaining convenient and effective relief;
- *Fourth*, the interest of the interstate judicial system in the most efficient resolution of controversies; and
- *Fifth*, the shared interests of the states in furthering fundamental social policies.

*Sangha*, 882 F3d at 102.

The reviewing court must accept as true uncontroverted allegations in the plaintiff's complaint. *Johnson*, 523 F3d at 609. But the district court isn't required "to credit conclusory allegations, even if uncontroverted." *Panda*, 253 F3d at 869. The court may also receive "'any combination of the recognized methods of discovery,' including affidavits, interrogatories, and depositions to assist in the jurisdictional analysis." *Little v SKF Serige AB*, 2014 WL 710941, *2 (SD Tex), quoting *Walk Haydel*, 517 F3d at 241. Conflicts between any facts contained in the affidavits or other evidence submitted by the parties must be resolved in favor of the plaintiff. *Johnson*, 523 F3d at 609.

3. Analysis

HLR argues that no general personal jurisdiction exists because it's a New Jersey corporation with its

principal place of business in New Jersey. Dkt 4 at 2, 4–6. The Rosens concede that this is so. Dkt 21 at 2 n 2.

HLR further argues that specific personal jurisdiction doesn't exist because it "never designed, manufactured, produced, distributed, marketed, or sold opioid products, including opioid medicines, in Texas or anywhere else." Id at 6. Remarkably, the Rosens don't disagree with this contention, instead arguing an entirely different theory of their case as against HLR. Specifically, they assert that HLR manufactured the drug Klonopin, which they allege is "a highly addictive benzodiazepine used to treat anxiety in . . . patients with substance abuse issues." Dkt 21 at 4. Daniel, they say, was repeatedly prescribed this medication, which they allege contributed to his "injury and death." Id at 2–3. And Daniel filled at least one Klonopin prescription at a Walgreens in Texas. Dkt 21 at 3; see also 21-1 at 4 (prescription printout).

A reader of the complaint will nowhere discern this attenuated theory. The complaint doesn't mention either Klonopin specifically or benzodiazepines generally. Indeed, it makes no reference to any addictive drugs other than opioids. See Dkt 1-3 at 15–30. True, the Rosens do allege a conspiracy to create "national conditions allowing for and promoting opioid addiction." Dkt 1-3 at ¶ 29. But only in their response to this motion—and not in their complaint—do they attempt to connect that claim to HLR via Klonopin.

The request by the Rosens to read this new theory into the complaint isn't well-taken. They have thus failed to establish a *prima facie* case demonstrating how this litigation "arises out of or results from the defendant's forum-related contacts." *Monkton Insurance Services Ltd v Ritter*, 768 F3d 429, 433 (5th Cir 2014) (quotation marks and citation omitted). As such, it needn't be addressed whether assertion of jurisdiction is "unfair and unreasonable." See *Sangha*, 882 F3d at 102.

The motion by HLR to dismiss for lack of personal jurisdiction will be granted.

5

The Rosens alternatively "request an additional period of time in which to file suit against HLR in a court of competent jurisdiction." Dkt 21 at 5. They cite no authority for the proposition that this Court has the power to take any such action once it determines its jurisdiction over HLR is at an end. That request must be denied.

4. Conclusion

The motion by Defendant Hoffman-La Roche to dismiss the claims against it for lack of personal jurisdiction is GRANTED. Dkt 4.

The claims asserted against HLR by Plaintiff Alan Rosen and Judy Rosen individually and on behalf of the Estate of Daniel A. Rosen are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Signed on December 8, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge